UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

**AMY PADGETT,**

       **Plaintiff,**

  v.                                        Case No. 2:20-cv-12082
                                                Magistrate Judge Norah McCann King

**CAROLYN COLVIN,**
**Acting Commissioner of Social Security,**

       **Defendant.**

## OPINION AND ORDER

       This matter is before the Court on Plaintiff's motion for an attorney's fee pursuant to 42 U.S.C. § 406(b)(1). *Motion for Attorney Fees*, ECF No. 27. The Acting Commissioner neither supports nor opposes the motion but asks that the Court direct Plaintiff's counsel to remit to Plaintiff the $ 10,000.00 fee previously awarded under the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA"). *Response to Plaintiff's Petition for Attorney's Fees under 42 U.S.C. § 406(b)*, ECF No. 28. *See* Consent Order, ECF No. 26.

       Under the Social Security Act, a court may award "a reasonable fee for such representation . . . not in excess of 25 percent of the total of the past-due benefits. . . ." 42 U.S.C. § 406(b)(1). Contingency fee arrangements are "the primary means by which fees are set for successfully representing Social Security benefits claimants in court." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). In determining an appropriate fee under the statute, a court must also consider such factors as the character of the representation and results achieved, whether counsel

1

was responsible for delay, and whether the benefits were large in comparison to the time expended by counsel. *Id*. at 807-08.

Plaintiff filed her current application for Disability Insurance Benefits in 2017 and, with the assistance of counsel, challenged the administrative denial of that application in this Court. In 2022, this Court reversed the Commissioner's decision and remanded the matter to the Commissioner for further proceedings. Opinion and Order, ECF No. 22; Final Judgment, ECF No. 23. On remand, Plaintiff secured a fully favorable decision, Motion for Attorney Fees, ECF No. 27, PageID# 1246-53 and was awarded past-due benefits totaling $ 143,402.25. *Id*. at PageID# 1256. Plaintiff's counsel seeks 25% of that award, for an attorney's fee of $ 47,800.75.

The fee agreements executed by Plaintiff and her counsel authorize a fee of 25% of past-due benefits. Motion for Attorney Fees, ECF No. 27, PageID# 1234, 1235, 1237. Sheryl Gandel Mazur, Esq., Plaintiff's well-experienced counsel, represents that she expended approximately 90 hours of time on behalf of Plaintiff before the Social Security Administration and this Court. *Id.* at PageID# 1232. The requested fee therefore represents no more than 25% of the past-due benefits and compensation for Plaintiff's attorney at the rate of approximately $531.20 per hour.

This Court concludes that the requested fee is reasonable. The time between Plaintiff's application and the favorable resolution of that application was lengthy and Plaintiff's counsel was in no way responsible for that delay. Moreover, the benefits awarded were not large in comparison to the time expended by counsel. *See Gisbrecht*, 535 U.S. at 808.

Plaintiff's Motion for Attorney Fees, ECF No. 27, is therefore **GRANTED**.

**IT IS ORDERED** that an attorney's fee in the amount of $ 47,800.75, which represents 25% of the past-due benefits awarded to Plaintiff, be remitted to **Sheryl Gandel Mazur, Esq**.

Upon receipt of this fee, counsel for Plaintiff is **DIRECTED** to remit the previously awarded EAJA fees in the amount of $ 10,000.00 to Plaintiff.


December 30, 2024                                             *s/ Norah McCann King*
                                                              Norah McCann King
                                                              United States Magistrate Judge